William G. Royce
Law Office of William G. Royce
310 K Street, Suite 200
Anchorage, AK 99501
(907) 495-1000
roycelawoffice@gmail.com

Attorney for Plaintiff
Samson Tug and Barge, Co., Inc.


## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA


| | |
|---|---|
| **SAMSON TUG AND BARGE, CO., INC.**<br><br>**Plaintiff,**<br><br>v.<br><br>**INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, ALASKA LONGSHORE DIVISION, and ILWU UNIT 222.**<br><br>**Defendants.** | Case No.: _____ |


## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Samson Tug and Barge Co., Inc, (hereafter Samson) alleges as follows:

## Jurisdiction and Venue

1.      This is an action for damages and injunctive relief based on unfair labor practices of Defendants.  Jurisdiction is conferred upon this Court by Section 303 of the Labor Management Relations Act, as amended ("LMRA"), 29 U.S.C. § 187 through 28 U.S.C. § 1337(a) (action arising under federal law regulating commerce) and 9 U.S.C. § 10.

2.      Venue lies within this judicial district pursuant to Section 301(a) and (c) of the LMRA, 29 U.S.C. §§ 185(a), (c), because the duly authorized officers and agents of the union defendants are engaged in representing or acting for employees within the State of Alaska.  Venue is proper pursuant 28 U.S.C. § 1391(b) because the events giving rise to this action are substantially connected to this District.  Venue is also proper pursuant to 28 U.S.C. § 1391(c) based upon defendants' substantial contacts with this District, including conducting business within this District.  Venue also properly lies in this judicial district pursuant to Section 9 of the FAA, 9 U.S.C. § 9, in that the arbitration was commenced in and affects parties within the state of Alaska.

3.      There is a related case, Case No.:  3:20-cv-00108-TMB, in which Samson as co-petitioner with the union representing Samson's employees have filed an action against defendants here (respondents in the related action) seeking to vacate an arbitration decision.

## Parties

4.      Samson is an Alaska corporation with its main offices located in Sitka, Alaska.  It provides marine tug and barge transportation services between the port of Seattle, Washington and multiple ports within the State of Alaska.

5.      Defendants International Longshore and Warehouse Union, Alaska Longshore Division (hereafter ILWU, Alaska) and ILWU, Unit 222 (hereafter Unit 222) also referred to collectively herein as ILWU are unincorporated labor organizations with offices located within the state of Alaska.

## Facts

6.      ILWU, Alaska and Unit 222 are parties to a Collective Bargaining Agreement ("CBA") with, among other employers, Matson, Inc. (hereafter Matson) and American President Lines LTD (hereafter APL).

7.      Plaintiff is not a party to any agreements with ILWU but as employer has a CBA between Samson and the Inland Boatmans Union of Alaska, an affiliate of the Marine Engineers Beneficial Association, hereafter MEBA.  A CBA between Samson and MEBA has existed for decades, and is top to bottom including tug crew, longshore worker, mechanics, and truckers.  A copy of the current CBA between Samson and MEBA, effective as of July 1, 2019, is attached as Exhibit 1.

8.     Plaintiff operates a fleet of tugs and barges and provides scheduled service to and between the ports of Seattle, Washington, and many Alaska ports including Ketchikan, Prince of Wales, Petersburg, Wrangell, Juneau, Sitka, Cordova, Valdez, Seward, Kodiak, King Cove, and Dutch Harbor.   Plaintiff provides as-needed service to other Alaska ports including Larsen Bay and Adak.   Many of Samson's full or part-time employees who work cargo in these ports are members of MEBA.  None of Samson's employees are members of ILWU.

9.     Samson's terminal at Kodiak, located in Womens Bay, is a hub port which means cargo to and from Western Alaska is often unloaded and reloaded in a configuration to facilitate safe ocean transport and efficient handling of cargo at outer ports with less or different cargo handling facilities and equipment.

10.    Samson has operated at its Kodiak Womens Bay terminal for approximately forty (40) years under a series of leases with the prior owner LASH Corporation, an Alaska corporation (hereafter LASH).

11.    Samson always has utilized its Kodiak employees, who are members of MEBA, to unload and load cargo at Womens Bay.  Samson has never utilized ILWU members to unload or load cargo at Womens Bay.

12.     In 2017, Matson purchased the terminal at Womens Bay from LASH.  To facilitate this purchase, Matson requested that Samson modify its existing lease with LASH to a month-to-month rental and give up its right of first refusal under its existing lease.  In consideration for Samson's cooperation to facilitate Matson's purchase of the Womens Bay terminal, Matson agreed to enter into future good faith negotiations with Samson to, among other items, address the term of the lease.  A copy of this agreement is attached as Exhibit 2.   Samson continued its normal Womens Bay cargo operations with its Kodiak employees who are members of MEBA after Matson purchased the Womens Bay terminal.   Matson has never performed any cargo operations at the Womens Bay terminal.

13.     Matson and ILWU are parties to a collective bargaining agreement under which an issue of ILWU union work jurisdiction for cargo operations at Womens Bay was addressed in arbitration.   Samson is not signatory to any CBA with ILWU and is a stranger to Matson's collective bargaining agreement with ILWU and to the arbitration.

14.     Matson and ILWU participated in an arbitration pursuant their CBA on the issue of ILWU union work jurisdiction for cargo operations at Womens Bay.

15.     The Alaska Arbitrator for the Matson - ILWU arbitration decided that ILWU had no jurisdiction for any of Samson's cargo operations at Womens Bay.  A copy of the Alaska Arbitrator's award is attached as Exhibit 3.

16.     ILWU appealed the Alaska arbitrator's award to the Coast Arbitrator, John Kagel.  On February 13, 2020, the Coast Arbitrator issued an award that purports to require Samson to utilize ILWU represented individuals to operate any cargo handling equipment at Samson's Womens Bay terminal instead of Samson's MEBA represented employees who have traditionally done this work.   A copy of the Coast Arbitrator's decision is attached as Exhibit 4.   Neither Samson nor MEBA participated in the arbitration proceedings between Matson and the ILWU.

17.     Based on the Coast Arbitrator's decision (Exhibit 4), the ILWU has made a number of demands on Samson, a stranger to the Matson-ILWU collective bargaining agreement, to henceforth use ILWU represented employees to perform all of Samson's cargo operations at Womens Bay, including waterside cargo handling on its barges, rather than Samson's MEBA represented employees who have done this work for many decades. See Exhibit 5.

18.     Inserting ILWU labor into Samson's cargo handling operations at Womens Bay will disrupt its operations in other ports and affect Samson's ability to safely configure, load, and stow cargo, thereby affecting the safety of Samson's ocean-going cargo operations.  These factors were fundamental to a recent NLRB decision, following a several day hearing involving ILWU and Samson, which awarded barge cargo handling work at Pier II in Kodiak, Alaska, to Samson's MEBA employees.  See Exhibit 6.

19.     ILWU has also demanded that Matson apply the Coast Arbitrator's decision by terminating Samson's Womens Bay lease thereby canceling Samson's occupancy of its terminal at Womens Bay if Samson does not use ILWU represented individuals for its Womens Bay cargo operations or pay ILWU's time in lieu charges. foe cargo work performed by Samson's employees at Womens Bay.  See Exhibit 5.

20.     ILWU has also used the Coast Arbitrator's award to demand Samson use ILWU represented individuals for cargo operations at other ports and locations including the waterside operations at Pier II, a separate Kodiak terminal. See Exhibit 5.

21.     The jurisdiction of the two unions, ILWU and MEBA, for work at Pier II in Kodiak, Alaska, has been determined by the NLRB in a Decision issued April 28, 2020, which is attached hereto as Exhibit 6.  This decision grants Samson's MEBA employees the waterside cargo handling work at Pier II, Kodiak, Alaska.  In this decision, the NLRB also recognized the decades long history of MEBA represented employees performing cargo operations at Womens Bay pursuant to a CBA and the safety and efficiency problems which would result from inserting ILWU represented individuals into Samson's ocean-going cargo handling operations.

## **First Cause of Action - Damages**

22.     Plaintiff realleges all allegations contained in paragraphs 1 through 21 above.

23. Defendants ILWU have insisted that Matson charge Samson for the time card labor hours submitted by ILWU for cargo handling work done by Samson's MEBA represented individuals at Womens Bay.

24. Matson has required Samson to pay ILWU time card charges as a condition of continuing its operations at Womens Bay with Samson's own employees.

25. ILWU has submitted time cards charges for labor performed by Samson's employees handling cargo at Womens Bay.

26. ILWU's time card charges for the period of March, April, and May 2020 compared with Samson's actual labor costs for cargo handling at Womens Bay are 342% of Samson's actual labor cost:

|  | ILWU time card charges | Samson's actual labor cost |
|---|---|---|
| March 2020 | $53,008.92 | $13,592.55 |
| April 2020 | $75,533.30 | $19,169.14 |
| May 2020 | $72,140.86 | $25,883.86 |
|  | $200,683 | $58,645 |

27. Samson has been required to pay $200,683 in ILWU time card charges as a result of defendants' conduct herein to date and these damages are continuing and increasing.

28.     Defendants' conduct as alleged above is in violation of the law and an unfair labor practice as provided in 29 U.S.C. § 158 (b)(4)(i)(D) in that such conduct has the objective of forcing an employer (Samson) to assign work to a particular labor organization (ILWU) rather than Samson's employees who are members of a different labor organization (MEBA).  Samson would be in breach of its obligations to the MEBA union representing its employees if this work was transferred to ILWU.

29.     Samson has been damaged to by the conduct of defendants as alleged herein in the sum of $200,683 which Samson has been forced to pay as ILWU's time in lieu or time card charges.  These damages are continuing and may increase.

## Second Cause of Action - Injunctive Relief

30.     Plaintiff realleges all allegations contained in paragraphs 1 through 29 above.

31.     ILWU has submitted additional time card charges for cargo handling work performed by Samson's employees at Womens Bay for the period of June, July, and August 2020 in the sum of $273,621.20.  Samson's labor expense for its own MEBA employees who performed this cargo handling for the period of June, July, and August 2020 is $94,052.07.   The time card sums claimed by ILWU are 290% of Samson's actual labor expense with its own employees.

32.     Continued payment of ILWU's improper and excessive time in lieu charges is not financially sustainable and will cripple Samson's ability to continue existing service to its main hub port at Womens Bay.

33.     Samson's remedy at law for damages is not adequate as it will not be possible for Samson to continue paying time in lieu charges which are many times Samson's actual labor expense for the same work in order to eventually recoup these improper charges as damages because Samson lacks the financial resources to continue to pay triple its actual Women's Bay labor cost in the form of ILWU's time card or time in lieu charges.

34.     ILWU's time in lieu charges are improper and part of a campaign to pressure Samson to use ILWU represented labor instead of its own MEBA labor which is an unfair labor practice in violation of 29 U.S.C. § 158 (b)(4)(i)(D).

34.     Samson accordingly requests injunctive relief requiring ILWU defendants to cease demanding payment of these time in lieu charges.


WHEREFORE, Plaintiff Samson requests that this Court grant relief as follows:

1. Enter an Order blocking further time in lieu charges by ILWU for cargo handling work performed by Samson's employees at Womens Bay, Alaska;

2. Award Samson damages against ILWU for collecting time in lieu charges in an amount to be established by the evidence at trial and presently in excess of $200,000;

3.  Award Samson its costs and fees of suit incurred herein and interest as

required by law; and

4.  Grant such other and further monetary and equitable relief that the Court

may deem just and proper.


DATED: October 2, 2020

William G. Royce
Law Office of William G. Royce
Attorney for Plaintiff
Samson Tug and Barge Co., Inc.

By: /s/ William G. Royce
      William G. Royce
      Alaska Bar No. 7210066

Case 3:20-cv-00248-TMB   Document 1   Filed 10/05/20   Page 11 of 11